UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | § § § | |
| | § | CASE NO. 11-13463-DWH |
| MARITIME COMMUNICATIONS/ | § | |
| LAND MOBILE, LLC, | § | CHAPTER 11 |
| | § | |
| Debtor. | § | |

OBJECTION TO DEBTOR'S EMERGENCY MOTION
TO AUTHORIZE FINANCING PURSUANT TO 11 U.S.C. § 364

Warren Havens, Skybridge Spectrum Foundation, Verde Systems LLC (formerly called Telesaurus, VPC LLC), Environmental LLC (formerly called AMTS Consortium LLC), Intelligent Transportation & Monitoring LLC, and Telesaurus Holdings GB LLC (collectively, "SkyTel")[1] submit this objection (the "Objection") to the Debtor's Emergency Motion to Authorize Financing Pursuant to 11 U.S.C. § 364 (Docket No. 28) (the "Motion").

PRELIMINARY STATEMENT

The Motion seeks authority for the Debtor to obtain an initial $50,000 of financing (and it is very ambiguous as to how much is proposed to be paid to whom), and in exchange provide the lender with a superpriority priming lien on all Maritime Communications/Land Mobile, LLC's (the "Debtor") assets. The Motion, however, fails to comply with Rule 4001(c) of the Federal Rules of Bankruptcy Procedure by failing to provide the necessary information required by that rule. For that reason alone the Motion should be denied.

Furthermore, the Debtor has failed to show that it can meet its burden of proof as to the necessity of the loan and the inability to obtain a loan on less onerous terms. Indeed, although the loan documents have yet to be completed, the Debtor is nevertheless seeking this Court's

---

[1] The SkyTel entities listed here are separate legal entities, all managed by Warren Havens, and for the purposes of this bankruptcy and in related proceedings before the Federal Communications Commission ("FCC"), pursue certain common interests.

authority to encumber all its assets - assets that have not yet been disclosed. Thus, the Debtor may in fact be seeking authority to eliminate or substantially reduce any possible recovery for general unsecured creditors before the Debtor has even filed its schedules or had its first meeting of creditors.

## **BACKGROUND**

SkyTel is a series of companies that hold "geographic" AMTS class licenses issued by the FCC. SkyTel and the Debtor are competitors in that the Debtor purports to hold various "site based" AMTS licenses issued by the FCC that overlap with the SkyTel licenses.

SkyTel and the Debtor were engaged in two different court proceedings at the time the Debtor filed bankruptcy. Specifically, SkyTel brought suit against the Debtor in the United States District Court for the District of New Jersey, seeking injunctive relief and damages stemming from issues relating to the various FCC licenses that both the Debtor and SkyTel hold, and both the Debtor and Skytel are parties to a proceeding pending before the FCC, pursuant to FCC 11-64, Order to Show Cause, Hearing Designation Order and Notice of Opportunity for Hearing issued on April 19, 2011 (the "FCC Proceeding"). The purpose of the FCC Proceeding is to determine whether the FCC should revoke certain of the Debtor's FCC licenses, and whether certain of the Debtor's FCC site based licenses have automatically canceled due to failure to comply with FCC requirements.

SkyTel is therefore a general unsecured creditor of the Debtor, based upon its contingent, unliquidated claims arising in the District Court litigation and the FCC Proceeding.

## **OBJECTION**

### I. The Motion fails to Comply With the Bankruptcy Rules and Bankruptcy Code.

The most important terms of the credit agreement attached to the Motion are left blank, such as the repayment terms of the loan, and the Motion states that additional information will be provided at a later date. Not surprisingly then, the relevant terms of the credit agreement are not set forth in the first pages of the Motion, because it appears that the relevant terms of the credit agreement have not yet been established.

Thus, this Court is being asked to approve a financing arrangement that apparently has not even been agreed upon by the parties. Such approval by this Court should not be given, as Bankruptcy Rule 4001(c) provides specific elements that must be contained in a motion seeking relief pursuant to Section 364 of the Bankruptcy Code, and those requirements have not been met in the Motion.

### II. The Debtor has Failed to Meet Its Burden of Proof Under Bankruptcy Code § 364(d) or Bankruptcy Rule 4001.

The Motion seeks authority to provide the lender with a superpriority lien pursuant to Bankruptcy Code § 364(d). Because of the extraordinary nature of the request, § 364(d) requires that credit can only be obtained in such circumstances if: "(A) the trustee is unable to obtain such credit otherwise; and (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted."

Furthermore, Bankruptcy Rule 4001(c)(2) provides that a court may conduct a hearing on an emergency motion such as this, but "the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending final hearing."

There are four factors that the Debtor must successfully address in order to obtain

3

financing under Bankruptcy Code § 364(d). Specifically, "[t]o prevail on the Motion, the Debtor has the burden of proof on four issues: first, that the proposed financing is an exercise of sound and reasonable business judgment; second, that no alternative financing is available on any other basis; third, that the financing is in the best interests of the estate and its creditors; and, as a corollary to the first three points, that no better offers, bids, or timely proposals are before the Court." *In re Western Pacific Airlines, Inc.*, 223 B.R. 567, 572 (D.Co. 1997).

In the instant case, the Debtor has failed to show that it is unable to obtain such credit otherwise. In fact, the Debtor concedes in its Motion that "the Debtor did not actively seek to obtain funds on an unsecured basis." Motion at ¶ 18. Additionally, while the Motion states that "the terms offered by the Lender are significantly more favorable than any terms that would be offered by other lenders" (Motion ¶ 19), there is no mention of whether any other lenders were actually contacted, and, if so, the identity of those lenders.

There is also no information regarding how the proposed financing is in the best interest of the estate and its creditors. What little information the Debtor has provided thus far is woefully ambiguous. For example, of the $50,000 being sought on an interim basis, it is unclear whether $40,000 of that amount is just for professional fees, or whether it is for professional fees and salaries/consulting fees for Watkins, Smith, and Reardon; if the latter, it is also unclear how much of the $40,000 is to be allocated between Watkins, Smith, Reardon. and professional fees. *See* Motion, Exhibit B.

Further, according to the Debtor's budget, the remaining $10,000 of the initial interim loan will be used to pay for the Debtor's postpetition utilities, leases and insurance. The Motion, however, also states that the loan is necessary to pay trade creditors, but that is not reflected in the budget attached to the credit agreement. In addition, there is no mention of how these

expenses were paid prepetition, and why they suddenly need to be paid through the proceeds of a secured loan instead of through cash flow from the business. For if in fact there is insufficient cash flow to pay necessary expenses (which appears likely given that the Motion states that the Debtor only generates $400/month from the FCC licenses which are purported to be the Debtor's primary assets - Motion at ¶¶ 5-8), then the estate and its creditors may very well be better off in a chapter 7 liquidation, because if the loan is not approved and the Debtor liquidates through a chapter 7, there will at least be unencumbered assets that can be sold and the proceeds distributed to unsecured creditors. If instead the loan is approved, all assets will now be encumbered, which will diminish if not eliminate the possibility of recovery for unsecured creditors.

Because the Debtor is seeking financing on a shortened time frame, Bankruptcy Rule 4001(c)(2) provides that a court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing. To prevail, courts have held that the "immediate and irreparable harm standard of Rule 4001(c)(2)…is satisfied by the threatened loss of the business." *In re Ames Department Stores, Inc.*, 115 B.R. 34, 36, fn.2, citing *Semmes Motors, Inc. v. Ford Motor Corp.*, 429 F.2d 1197, 1205 (2d Cir. 1970).

Without having the benefit of the Debtor's schedules, however, it is very difficult to attempt to determine whether or not the loan is needed to avoid irreparable and immediate injury to the estate.[2] The budget attached to the credit agreement provides that $10,000 is needed to pay for the Debtor's utilities, phones, business cell phones, business and health insurance and office space. But without the schedules, parties have no basis at all for even beginning to evaluate whether $10,000 is an accurate estimate of such expenses. Again, as stated above, if

---

[2] After filing the Motion, the Debtor filed a second request for extension of time to file its schedules and statement of financial affairs, which request was recently granted by the Court. Objections to the Motion are due by 4pm on September 7, 2011, even though the Debtor's schedules are now not due until 11:59 pm on September 7, 2011.

5

there is insufficient business income to pay these expenses, then serious questions arise as to whether the Debtor can reorganize, and the estate's creditors may therefore be better off if the estate is instead liquidated, as the estate may be more injured with the loan than without it.

WHEREFORE, for the above stated reasons, and for possible other reasons to be stated at the hearing on the Motion, Skytel respectfully requests the Court deny the Motion. Skytel further prays for general relief.

THIS the 7th day of September, 2011.

Respectfully submitted,

**WARREN HAVENS, SKYBRIDGE SPECTRUM FOUNDATION, VERDE SYSTEMS LLC, ENVIRONMENTAL LLC, INTELLIGENT TRANSPORTATION & MONITORING LLC, and TELESAURUS HOLDINGS GB LLC**

By: /s/ William H. Leech
    William H. Leech, MS Bar No. 1175
    Danny E. Ruhl, MS Bar No. 101576
    Two of Their Attorneys

OF COUNSEL:
**COPELAND, COOK, TAYLOR & BUSH, P.A.**
600 Concourse, Suite 100
1076 Highland Colony Parkway (Zip—39157)
P.O. Box 6020
Ridgeland, MS  39158
Telephone:  (601) 856-7200
Facsimile:  (601) 856-7626
bleech@cctb.com
druhl@cctb.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused the foregoing to be filed via the Court's Electronic Case Filing System, which caused to be served a copy on all counsel and parties of record who have consented to receive ECF notification, including the following:

Craig M. Geno, Esq.
Harris Jernigan & Geno, PLLC
P.O. Box 3380
Ridgeland, Mississippi 39158-3380
cmgeno@hjglawfirm.com

James A. McCullough, II, Esq.
Brunini, Grantham, Grower & Hewes, PLLC
P.O. Drawer 119
Jackson, Mississippi 39205-0119
jmccullough@brunini.com

John W. Crowell. Esq.
M. Jay Nichols, Esq.
Nichols, Crowell, Gillis, Cooper & Amos, PLLC
710 Main Street, 3rd Floor
Post Office Box 1827
Columbus, Mississippi 39703-1827
jcrowell@nicholscrowell.com
jnichols@nicholscrowell.com

U.S. Trustee
501 East Court Street, Suite 6-430
Jackson, Mississippi 39201
USTPRegion05.AB.ECF@usdoj.gov

Jim F. Spencer, Jr., Esq.
Watkins & Eager PLLC
Post Office Box 650
Jackson, Mississippi 39205-0650
jspencer@watkinseager.com

Eric T. Ray, Esq.
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203-4642
eray@balch.com

I also certify that I have this day also caused the foregoing to be served by First Class U.S. Mail upon the following parties:

Russell R. Johnson III, Esq.
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103

Kern County Treasurer and Tax Collector Office
Attn: Bankruptcy Division
c/o Linda Delgado
P.O. Box 579
Bakersfield, California 93302-0579

**THIS** the 7th day of September, 2011.

/s/ William H. Leech
Of Counsel