IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | § § § | |
| MARITIME COMMUNICATIONS/ LAND MOBILE, LLC<br>Debtor | § § § § § | Case No. 11-13463 |

### NATIONAL RURAL TELECOMMUNICATIONS COOPERATIVE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO AUTHORIZE FINANCING PURSUANT TO 11 U.S.C. § 364

Creditor National Rural Telecommunications Cooperative ("NRTC") files this objection to Debtor Maritime Communications / Land Mobile, LLC ("Debtor")'s Emergency Motion to Authorize Financing Pursuant to 11 U.S.C. § 364 [Dkt. No. 28] (the "Motion"), and in support states as follows:

1. Debtor seeks this Court's approval, on an expedited basis, of postpetition financing pursuant to 11 U.S.C. § 364(d), under which the Debtor would enter into a postpetition secured loan transaction with Southeastern Commercial Finance, LLC (the "DIP Lender"), in the principal amount of $150,000 (the "DIP Financing"). Further, the Debtor seeks to grant the DIP Lender priming and/or superpriority liens on all of the Debtor's assets.

2. NRTC objects to the expedited consideration afforded the Debtor's Motion. 11 U.S.C. § 364(d) requires notice and a hearing. Rule 4001(c) of the Federal Rules of Bankruptcy Procedure provides that the Court may authorize limited borrowing on an interim basis, but only as determined necessary to avoid immediate and irreparable harm to the estate. The Motion fails to sufficiently establish that interim consideration is necessary to avoid immediate irreparable harm. Accordingly, the Motion should be denied.

3. NRTC further objects on the grounds that the Motion is vague and ambiguous as

to the terms of the DIP Financing facility, including without limitation, the terms of repayment. Accordingly, the Motion fails to satisfy the requirements of Rule 4001(c) to give parties in interest the required notice of the terms of the financing sought to be approved.

4. NRTC further objects on the grounds that based upon the information provided by the Debtor, the proposed DIP Financing is not feasible and will only burden the estate with additional secured debt. The Debtor has not filed its schedules or statement of financial affairs, and thus creditors and parties in interest cannot evaluate either the true necessity for the DIP Financing, nor the realistic ability of the Debtor to satisfy its payment obligations under the DIP Financing (whatever those may be). Indeed, taking the Debtor's Motion as true, Debtor seeks to incur postpetition debt of $150,000 based upon a monthly "revenue stream" of $400 a month. If true, the DIP Financing will only further burden the estate.

5. NRTC reserves the right to assert additional grounds at the hearing of this matter. Accordingly, NRTC requests the Court to deny the Motion.

DATED: September 7, 2011.

                                            Respectfully submitted,

                                            NATIONAL RURAL TELECOMMUNICATIONS
                                            COOPERATIVE AND LRTC, LLC

                                            By: /s/ James A. McCullough, II
                                                  Of Counsel

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
JAMES A. MCCULLOUGH, II, MS BAR NO. 10175
P.O. Drawer 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601)960-6902
jmccullough@brunini.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed the foregoing document via the Court's ECF System, which caused to be served a copy on all counsel and parties of record, including the following counsel::

>Craig M. Geno, Esq.
>Harris Jernigan & Geno, PLLC
>P.O. Box 3380
>Ridgeland, MS  39158-3380
>
>U.S. Trustee
>501 East Court Street, Suite 6-430
>Jackson, MS  39201

Dated: September 7, 2011.

>/s/ James A. McCullough, II