**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**(ABERDEEN)**

**In re:**

**Maritime Communications/Land Mobile, LLC,**    Case No. 11--13463-DWH
                                                  Chapter 7
**Debtor.**

**PINNACLE NATIONAL BANK'S AMENDED OBJECTION TO DEBTOR'S EMERGENCY MOTION TO AUTHORIZE FINANCING PURSUANT TO 11 U.S.C. SECTION 364**

In support of its Objection to Debtor's Emergency Motion (the "Motion") to Authorize Financing Pursuant to 11 U.S.C. Section 364 (Docket no. 28), Pinnacle National Bank ("Pinnacle") states:

1. The hearing on the Motion is set for September 9, 2011 at 1:30 p.m.

2. The undersigned counsel was just retained by Pinnacle and asks that this Objection be considered timely filed and considered along with other Objections to the Motion (*See* Docket nos. 44, 45, and 48).

3. Pinnacle objects to the relief requested in the Emergency Motion.

4. Pinnacle is Debtor's primary creditor and holds a first priority security interest in various collateral to secure a debt in excess of $8 million.

5. Debtor seeks approval of a loan with a priming lien. Debtor has not satisfied the requirements of 11 U.S.C. Section 364(d) and F.R.B.P. 4001 (c) (1) by making the appropriate showings or supplying the required information.

6. Pinnacle is not adequately protected.

7. Debtor admits that it has not sought financing pursuant to the less onerous provisions of 11 U.S.C. Section 364 (*See* Motion, Docket No. 28, page 4, paragraph 18: "Debtor did not actively seek to obtain funds on an unsecured basis….") . Such admission warrants summary denial of the requested relief.

8. Debtor has not provided a copy of the credit agreement and a proposed form of order. In fact, Debtor admits that "The DIP Loan Documents are not yet finalized as to all details..." yet seeks an emergency hearing. (*See* Motion, Docket No. 28, page 2, paragraph 10).

9. Debtor states that the "monthly Revenue Stream is approximately $400.00/month," yet does not provide sufficient information regarding why a loan of this nature is sought. (*See* Motion, Docket No. 28, page 2, paragraph 8).

10. Debtor has not set forth the amount of credit necessary to avoid immediate and irreparable harm to the estate pending a final hearing as required by F.R.B.P. 4001(c)(2) other than stating that the entire amount of funding is required. Such amount of funding may, however, be limited to $50,000 of which amount $40,000 is for professional fees. (*See* Motion, Docket No. 28, page 4, paragraph 21 ($150,000) and page 53 (Interim Monthly Budget showing $50,000)). There apparently is no need for the borrowing of any funds on an interim basis (and perhaps at all).

11. Pinnacle respectfully reserves the right to supplement this Objection.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Pinnacle prays that:

1. After a hearing on this Objection, the Motion be denied.

9910995.1

    2.  Pinnacle have such further and other relief to which it may be entitled.

    Respectfully submitted,

    BASS, BERRY & SIMS PLC

    By: /s/ John T. Moses
        Stephen W. Ragland (TN BPR # 013389)
        John T. Moses (MS 101126)
        100 Peabody Place, Suite 900
        Memphis, Tennessee  38103
        (901) 543-5900 - Telephone
        (901) 543-5999 – Facsimile
        sragland@bassberry.com

    *Attorney for Pinnacle National Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served via the Court's electronic filing system and/or regular first class U.S. mail, postage prepaid, upon the following parties this 8th day of September, 2011 and others as indicated on the Notice of Electronic Filing:

| | |
|---|---|
| Craig M. Geno<br>P.O. Box 3380<br>Ridgeland, MS 39158-3380<br><br>*Attorney for Debtors* | |
| U.S. Trustee<br>OFFICE OF THE U.S. TRUSTEE<br>501 East Court Street, Suite 6-430<br>Jackson, MS 39201<br><br>*U.S. Trustee* | |

    /s/ John T. Moses
    John T. Moses

9910995.1