IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHAPTER 11

IN RE: MARITIME COMMUNICATIONS/     CASE NO: 11-13463-DWH
LAND MOBILE, LLC
Debtor

MOTION TO ESTABLISH DEADLINE FOR DEBTOR TO ASSUME
OR REJECT ASSET PURCHASE AGREEMENT WITH
SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY

Southern California Regional Rail Authority ("SCRRA") pursuant to 11 U.S.C. § 365, respectfully moves the Court for an order setting a deadline for the Debtor, Maritime Communications/Land Mobile, LLC ("MC/LM"), to assume or reject its contract to sell its partitioned radio spectrum to SCRRA. In support thereof, SCRRA would state as follows:

1. SCRRA is a party-in-interest in this proceeding. SCRRA is a Joint Powers Authority consisting of five county transportation planning agencies: The Los Angeles County Metropolitan Transportation Authority, The Orange County Transportation Authority, The Riverside County Transportation Commission, The San Bernardino Associated Governments and The Ventura County Transportation Commission. SCRRA's Metrolink train operations ("Metrolink") provide the people of Southern California with commuter rail services. On an average weekday, Metrolink serves over 40,000 riders and operates 149 daily trains. See Affidavit of Darrell Maxey, Director of Positive Train Control and Communication and Signal Systems for SCRRA, attached hereto as Exhibit 1 and incorporated herein by reference.

2.      On October 16, 2008, Congress enacted the Rail Safety Improvement Act of 2008 ("RSIA"). The RSIA requires Class 1 and commuter railroads like SCRRA to implement positive train control systems ("PTC"), which use advanced computer and telecommunications technology to significantly enhance railroad safety. In order to implement its PTC system, SCRRA must obtain a license to radio spectrum that is in the same frequency band as that to be used for PTC by the other rail operators with whom SCRRA shares track. Affidavit of Darrell Maxey.

3.      On February 5, 2010, MC/LM and SCRRA entered into a Partition License Purchase Agreement pursuant to which MC/LM agreed to sell and SCRRA agreed to purchase MC/LM's license of certain radio spectrum for a total price of $7,178,000.00 ("APA"). A true and correct copy of the APA is attached as Exhibit "A" to the Affidavit of Darrell Maxey. This radio spectrum is suitable for PTC as it is in the same frequency band as the PTC radio system to be used by the other rail operators with whom SCRRA shares track in the busy Los Angeles Basin.

4.      Consistent with the terms of the APA, on February 8, 2010, SCRRA, MC/LM and Union Bank, N.A. entered into an Escrow Agreement ("Escrow Agreement"). Pursuant to the Escrow Agreement, SCRRA deposited the sum of $717,800 into an escrow account. A true and correct copy of the Escrow Agreement is attached as Exhibit "B" to the Affidavit of Darrell Maxey.

5.      One condition of the APA is that the Federal Communications Commission ("FCC") approve the transfer of MC/LM's license to SCRRA. MC/LM filed applications with the FCC in 2010 to obtain approval of the SCRRA transfer as well as transfers of other licenses to other persons. These applications have been delayed by an administrative hearing process regarding issues related to MC/LM's qualifications as holder of the licenses. However, at the invitation of the FCC, SCRRA filed a showing earlier this year in support of removing its application from the administrative

process based on the critical public safety concerns that underlie implementing PTC. Although it was supported by various other parties, the FCC has not yet responded to SCRRA's showing.[1] Affidavit of Darrell Maxey.

6. SCRRA has assembled a multi-disciplinary team of nearly 100 engineering, technical and delivery support staff and consultants to develop and deliver PTC. SCRRA has budgeted approximately $202 million for complete implementation of its PTC system and has already spent approximately $42.6 million on the project through July 2011. Affidavit of Darrell Maxey. If SCRRA is unable to obtain rights to use the required radio frequency in accordance with its ongoing PTC implementation schedule, its deployment of PTC will be delayed, potentially significantly, and it will likely incur substantial budget overruns. Affidavit of Darrell Maxey.

7. As set forth in the Affidavit of Darrell Maxey, (i) in the interest of public safety,(ii) to ensure implementation of PTC in compliance with the RSIA, and (iii) to keep its PTC project on schedule and on budget, SCRRA must acquire the radio spectrum as soon as possible. Accordingly, SCRRA must know as soon as possible whether MC/LM will assume or reject its contract to sell SCRRA the required radio spectrum.

8. Pursuant to 11 U.S.C. § 365(d)(2), on the request of any party to a contract, the Court may order that a Debtor "determine within a specified period of time whether to assume or reject such contract." Because of the immediate public safety concerns and SCRRA's pressing need for

---

[1] If MC/LM opts to assume the APA and Escrow Agreement, the FCC may entertain MC/LM's license transfer application under its Second Thursday policy. That policy applies in license transfer proceedings in which the character of a bankrupt transferor entity is in dispute. The policy states that "a grant without hearing of the renewal, extension and assignment applications pending before [the FCC] may be made only if the individuals charged with misconduct will have no part in the proposed operations and will either derive no benefits from favorable action on the applications or only a minor benefit which is outweighed by equitable considerations in favor of innocent creditors." Application of Second Thursday Corp. (WWGM), Nashville, Tenn. for Renewal of License, Docket No. 17914, Memorandum Opinion and Order, 22 FCC 2d 515, 516 (1970) (internal citations omitted).

the partitioned radio spectrum given its current mid-stream development of a PTC system, cause exists to require MC/LM to immediately decide whether it will assume or reject the APA and related Escrow Agreement. Accordingly, SCRRA respectfully requests the Court set a deadline fourteen (14) days after the hearing on this motion by which MC/LM must assume or reject its contracts with SCRRA.

WHEREFORE, premises considered, SCRRA respectfully requests that this Court pursuant to 11 U.S.C. § 365(d)(2) enter an order setting a deadline of no more than fourteen (14) days after the hearing on this motion for MC/LM to assume or reject the APA and related Escrow Agreement. SCRRA also requests general relief.

Respectfully submitted this 9th day of September, 2011.

SOUTHERN CALIFORNIA REGIONAL
RAIL AUTHORITY

/s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.

OF COUNSEL:

Jim F. Spencer, Jr. (MSB # 7736)
Watkins & Eager PLLC
Post Office Box 650
Jackson, MS 39205-0650
(601) 965-1900 (p)
(601) 965-1901 (f)
jspencer@watkinseager.com

## CERTIFICATE OF SERVICE

I, Jim F. Spencer, Jr., hereby certify that I have this day caused to be served by electronic mail a true and correct copy of the **MOTION TO COMPEL THE DEBTOR TO ASSUME OR REJECT ASSET PURCHASE AGREEMENT WITH SOUTHERN CALIFORNIA REGIONAL RAIL AUTHORITY** to the following counsel of record:

Craig M. Geno - cmgeno@hjglawfirm.com
Sammye S. Tharp - sammye.s.tharp@usdoj.gov

This 9th day of September, 2011.

/s/ Jim F. Spencer, Jr.
Jim F. Spencer, Jr.